IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-20647
Summary Calendar

BOUCHE MICKEY; SHIRLEY BROWN

Plaintiffs–Appellants

TEXAS COOPERATIVE EXTENSION, The Texas A&M University System

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston
No. 4:05-CV-3931

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs–appellants Bouche Mickey and Shirley Brown (collectively, "Plaintiffs") appeal the district court's summary judgment in favor of defendant–appellee Texas Cooperative Extension ("TCE"), a member of the Texas A&M University System, on their race discrimination claims, brought under Title VII of the Civil Rights Act of 1964, alleging wrongful demotion and discriminatory failure to promote (Mickey's claims), wrongful termination

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(Brown's claim), and hostile work environment (both).  Plaintiffs contend that they made a prima facie case of each of their claims, that the nondiscriminatory reasons proffered by TCE for each of the challenged employment decisions were factually inaccurate, and that they have raised a sufficient fact question on the issue of pretext to survive summary judgment.  Plaintiffs argue that the district court applied the incorrect legal standard in concluding that they failed to raise a fact question regarding pretext, relying on Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003).  However, we conclude that the district court applied the proper legal standard, as Laxton defines an employer's "explanation [a]s false or unworthy of credence if it is not the real reason for the adverse employment action," not merely if the employer may have been mistaken in its good faith belief in its proffered explanation.  Id. (emphasis added).

The district court's thorough and detailed memorandum and order stating its reasons for granting TCE's motion for summary judgment comprehensively addressed each and every one of Plaintiffs' arguments.  The memorandum explained that Plaintiffs failed to make a prima facie case of some of their claims, including their hostile work environment claim (which was raised in Plaintiffs' complaint, abandoned in their summary judgment responses, but resurrected in their briefs on appeal), and failed to raise a fact issue regarding pretext on any of their claims.

Because we could not improve upon the reasoning of the district court, we AFFIRM the judgment for the reasons stated by the district court.